## STATE OF CONNECTICUT *v.* DENNIS EARL THOMPSON
### (AC 30531)

DiPentima, C. J., and Beach and Alvord, Js.

Argued June 3—officially released October 5, 2010

*Stephan E. Seeger*, with whom was *Igor G. Kuperman*, for the appellant (defendant).

*Laurie N. Feldman,* special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *John Waddock,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

ALVORD, J. The defendant, Dennis Earl Thompson, appeals from the judgment of conviction following his conditional plea of nolo contendere[1] to one count of possession of marijuana with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). The plea followed the trial court's denial of the defendant's motions to suppress the evidence that law enforcement officials had seized from a house and garage owned by Edward Jevarjian and from the defendant's recreational vehicle that had been parked on Jevarjian's property. On appeal, the defendant claims that the court improperly (1) denied his first motion to suppress because law enforcement officials commenced the search prior to the time authorized in the search warrant and (2) denied his second motion to suppress that had been filed pursuant to *Franks* v. *Delaware,* 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. During the late evening hours of May 17, and into the early morning hours of May 18, 2007, law enforcement officials seized approximately 600 pounds of marijuana from Jevarjian's house and garage and from the defendant's recreational vehicle that was parked on Jevarjian's property. The defendant was sleeping in his recreational vehicle when the officials commenced the search. He and Jevarjian were arrested

[1] The defendant's plea was conditioned on his right to appeal the denial of his motions to suppress evidence in accordance with General Statutes § 54-94a.

at that time. See the companion case of *State* v. *Jevarjian*, 124 Conn. App. 331, 4 A.3d 1231 (2010), which was released on the same date as this opinion. The defendant was charged with possession of marijuana with intent to sell by a person who is not drug-dependent in violation of § 21a-278 (b) and conspiracy to possess marijuana with intent to sell by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 and 21a-278 (b). Except for sentencing, the cases of the defendant and Jevarjian were prosecuted simultaneously.

On August 13, 2007, Jevarjian filed a motion to suppress the evidence that had been seized, claiming that the search had commenced prior to the time the judge signed the search warrant. The defendant orally requested permission to join in that motion on the second day of a four day evidentiary hearing, and the court granted the defendant's request. The court denied the motion to suppress in a memorandum of decision filed May 13, 2008. On May 22, 2008, Jevarjian filed a second motion to suppress, seeking an evidentiary hearing pursuant to *Franks* v. *Delaware*, supra, 438 U.S. 154, claiming that the application for the search and seizure warrant contained either a deliberate falsehood or a statement made in reckless disregard for the truth. Specifically, Jevarjian claimed that the search warrant affidavit contained uncorroborated assertions of an unreliable informant and, as such, did not provide a substantial basis to establish probable cause to conduct the search. The defendant also joined in Jevarjian's second motion to suppress evidence. The court orally denied the motion on June 18, 2008. On July 16, 2008, the defendant entered a conditional plea of nolo contendere to one count of possession of marijuana with intent to sell in violation of § 21a-278 (b)[2] and was sentenced

---

[2] The conspiracy charge against the defendant is still pending in the trial court. Nevertheless, the defendant's conviction on the possession with intent to sell count is a final judgment. See Practice Book § 61-6 (a), which provides

to eighteen years incarceration, suspended after nine and one-half years, and three years probation. This appeal followed.

I

The defendant claims that the court improperly denied his first motion to suppress the evidence seized from the house, garage and recreational vehicle because the search was commenced prior to the time noted on the warrant by the judge who signed the warrant. Before addressing that claim, however, we first address the issue of the right of the defendant to challenge the search of Jevarjian's house and garage.[3] The state argued, and the trial court agreed, that the defendant did not have standing to contest the search of the house and garage. The defendant challenges that determination on appeal.

A

"The touchstone to determining whether a person has standing to contest an allegedly illegal search is whether that person has a reasonable expectation of privacy in the invaded place. . . . Absent such an expectation, the subsequent police action has no constitutional ramifications. . . . In order to meet this rule of standing . . . a two-part subjective/objective test must be satisfied: (1) whether the [person contesting the search] manifested a subjective expectation of privacy with respect to [the invaded premises]; and (2) whether that expectation [is] one that society would consider reasonable. . . . This determination is made on a case-by-case basis. . . . Whether a defendant's actual expectation of privacy . . . is one that society

in relevant part: "(1) . . . In cases where a final judgment has been rendered on fewer than all counts in the information or complaint, the defendant may appeal from that judgment at the time it is rendered. . . ."

[3] The state does not contest the court's finding that the defendant had standing to challenge the search of his recreational vehicle.

is prepared to recognize as reasonable involves a fact specific inquiry into all the relevant circumstances. . . . Furthermore, [t]he defendant bears the burden of establishing the facts necessary to demonstrate a basis for standing . . . . [T]he trial court's finding [on the question of standing] will not be overturned unless it is legally or logically inconsistent with the facts found or involves an erroneous rule of law." (Citation omitted; internal quotation marks omitted.) *State* v. *Jones*, 113 Conn. App. 250, 266, 966 A.2d 277, cert. denied, 292 Conn. 901, 971 A.2d 40 (2009).

At the suppression hearing, Jevarjian was the only witness to testify with respect to the issue of standing to challenge the seizure of evidence from the house, garage and recreational vehicle. On the basis of Jevarjian's testimony; see *State* v. *Jevarjian*, supra, 124 Conn. App. 336–37; the court found that the defendant failed to establish that he was Jevarjian's overnight guest or social invitee with respect to the house and garage. As noted by the court, the testimony indicated that the defendant had no ownership interest in Jevarjian's property, had never made any mortgage payments on that property, had visited only on three or four occasions for very brief periods of time, had never stayed overnight in Jevarjian's house and was sleeping in his own recreational vehicle at the time the search commenced on May 17, 2007. Additionally, as stated by the court in its memorandum of decision, no evidence had been presented to show that the defendant even had the means of accessing Jevarjian's home.

The trial court clearly articulated the facts and the law that formed the basis of its conclusion that the defendant did not meet the burden of establishing a reasonable expectation of privacy in Jevarjian's house and garage and, accordingly, held that he did not have standing to invoke his constitutional rights as to the evidence seized from Jevarjian's house and garage. On

the basis of our plenary review of this question of law, which we conduct in light of the court's factual findings, we do not find that the court's decision was clearly erroneous. See *State* v. *Mitchell*, 56 Conn. App. 561, 567–68, 744 A.2d 927, cert. denied, 253 Conn. 910, 754 A.2d 162 (2000).

B

Because it is not disputed that the defendant does have the right to challenge the search of his recreational vehicle, we address his claim that the evidence was illegally seized because the search commenced prior to the time authorized by the judge who signed the warrant. In support of that claim, the defendant indicates that the judge noted the time as 10:51 p.m. when he signed each page of the search warrant. The search of the defendant's premises, however, commenced before 10:00 p.m. The defendant claims that the search was, therefore, premature and unlawful under the federal and state constitutions.[4] The trial court, after testimony from several witnesses at the suppression hearing, determined that the time noted by the judge was a scrivener's error and that the search had commenced after the judge signed the warrant. Accordingly, the court denied the defendant's motion to suppress the evidence seized from his recreational vehicle.

The defendant's arguments on appeal with respect to this claim are identical to the arguments presented by Jevarjian in his appeal, and we have fully addressed them in that opinion. See *State* v. *Jevarjian*, supra, 124 Conn. App. 338–44. For the same reasons stated in that

---

[4] It does not appear that the court addressed a state constitutional claim in its ruling, and, on appeal, the defendant does not analyze his claim independently under our state constitution. Accordingly, we will confine our analysis to the right against unreasonable search and seizure guaranteed by the federal constitution. See *State* v. *Payne*, 121 Conn. App. 308, 311 n.2, 996 A.2d 302 (2010).

opinion, the defendant in this case cannot prevail on this claim.

## II

The defendant next claims that the court improperly denied his second motion to suppress filed May 22, 2008, in which he requested an evidentiary hearing pursuant to *Franks* v. *Delaware*, supra, 438 U.S. 154. The defendant alleged that the warrant application contained either a deliberate falsehood or a statement made in reckless disregard for the truth. He specifically claimed that a conversation recorded on May 17, 2007, in which the officer who prepared the affidavit for the search warrant was speaking with an officer familiar with the confidential informant who had supplied information about the defendant, clearly indicated that the affidavit contained false or misleading statements about the reliability of the confidential informant. The court denied the request for a full evidentiary hearing and denied the motion to suppress evidence.

In claiming that the court improperly denied his motion, the defendant has raised the same arguments presented by Jevarjian in his appeal. We have fully addressed the defendant's claim in that opinion. See *State* v. *Jevarjian*, supra, 124 Conn. App. 344–52. For the same reasons stated in that opinion, the defendant in this case cannot prevail on this claim.

The judgment is affirmed.

In this opinion the other judges concurred.